OPINION *Page 2 
{¶ 1} Defendant-appellant Joseph Koffel appeals the decision of the Columbiana County Common Pleas Court finding him guilty of Aggravated Burglary, a violation of R.C. 2911.11(A)(1). Appointed appellate counsel filed a no-merit brief in accordance with State v. Toney (1970),23 Ohio App.2d 203 and requested to withdraw as counsel. Thus, the issue presented in this case is whether the appeal is frivolous. A review of the case file reveals that there are no appealable issues. Therefore, the judgment of the trial court is hereby affirmed and counsel is permitted to withdraw.
 STATEMENT OF CASE AND FACTS {¶ 2} On December 14, 2005, Koffel was indicted for one count of Aggravated Burglary, a violation of R.C. 2911.11(A)(1), and two counts of Intimidation of a Witness, a violation of R.C. 2921.04(B). Prior to trial, the state filed a Motion for Nolle Prosequi on the two Intimidation of a Witness counts. The trial court granted the motion and the case proceeded to trial solely on the Aggravated Burglary count.
 {¶ 3} The evidence disclosed at trial was as follows. Koffel and Randalyn Wilk have had a relationship on and off for five years. (Tr. 167). On May 14, 2005, they were not dating but they were friends. They had met that night at a bar called the Cove. (Tr. 177, 183-184). They discussed their plans for the night and Randalyn told Koffel she was going out bar hopping with some friends. (Tr. 187).
 {¶ 4} Randalyn testified that she went bar hopping with her current boyfriend, Mike Schwartzmiller and her friend Matt Donaldson. (Tr. 167). At the end of the night, around 3:00 a.m., they ended up at her house in Lisbon, Columbiana County, Ohio. (Tr. 193). Matt slept on the couch and Randalyn and Mike went upstairs to sleep.
 {¶ 5} Randalyn testified that around 7:30 on the morning of May 15, 2005, she woke up to the sound of Koffel's truck in her driveway. (Tr. 169, 187-188). She stated that the next thing she heard was banging on her back door and breaking glass. (Tr. 171). She then heard a fight occurring downstairs. (Tr. 172). When she went downstairs, she saw Matt and Koffel fighting; Koffel had Matt by the shirt. (Tr. 172). *Page 3 
She testified that she asked Koffel what was going on. (Tr. 173). He then asked her who Matt was. (Tr. 173). When she told him it was Matt, Koffel left. (Tr. 173).
 {¶ 6} Matt's testimony was similar to Randalyn. He testified that he woke up to Koffel hitting him on the head and that they proceeded to fight. (Tr. 220, 225). He explained that when Randalyn told Koffel who he was, he stopped fighting like he made a mistake and then left. (Tr. 227).
 {¶ 7} The testimony at trial revealed that Randalyn and Matt were friends, like brother and sister. (Tr. 167-168, 219). It also revealed that in the past Koffel had been jealous of Randalyn's boyfriends. (Tr. 202). The evidence seemed to indicate that Koffel thought Matt was Randalyn's new boyfriend until she told him who Matt was. Once Koffel learned Matt's name he realized it was not Randalyn's boyfriend because he knew Randalyn and Matt were just close friends.
 {¶ 8} Koffel's testimony differed from Randalyn and Matt's testimony. He testified that on the morning of May 15, 2005, he got up and was on his way to McDonald's when he saw Randalyn's dog running loose in the streets. (Tr. 254). He stated that he stopped to get the dog and was going to bring it to her house. (Tr. 254). According to him, before he could get the dog, a man, who he later learned was Matt, was standing outside and started yelling at him. (Tr. 263). Koffel claims Matt punched him and then started towards the back door of Randalyn's house. (Tr. 258). Koffel followed him. (Tr. 257-258). Koffel testified that when Matt saw him Matt turned around and swung at Koffel. (Tr. 258). They were both on the back porch at this time. Matt tried getting into the house but the door was locked. (Tr. 258). Koffel testified he was worried at this point because someone had broken into Randalyn's home about two months prior to this. (Tr. 258). He explained that he did not know who Matt was and the whole situation was confusing so he was worried that he was trying to break into Randalyn's home. (Tr. 259). Koffel and Matt continued to fight on the back porch and broke the back door. (Tr. 261). The fight proceeded inside. (Tr. 261). Randalyn came downstairs and found them fighting. (Tr. 263). Randalyn told Koffel who Matt was and Koffel just left. (Tr. 263). *Page 4 
 {¶ 9} Randalyn and Matt filed a police report about the events. Koffel was arrested and the case proceeded to trial. The jury found him guilty of Aggravated Burglary. He was sentenced to eight years.
 {¶ 10} Following the sentence, appellate counsel was appointed. Counsel has filed a Toney brief and has requested to withdraw since there are no appealable issues.
 ANALYSIS {¶ 11} In Toney, this court set forth the procedure to be used when counsel of record determines that an indigent's appeal is frivolous:
 {¶ 12} "3. Where court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.
 {¶ 13} "4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, pro se.
 {¶ 14} "5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments pro se of the indigent, and then determine whether or not the appeal is wholly frivolous.
 {¶ 15} "* * *
 {¶ 16} "7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed." Toney, 23 Ohio App.2d 203, syllabus.
 {¶ 17} The Toney brief was filed by counsel on September 22, 2006. On November 6, 2006, we informed Koffel of counsel's Toney brief and granted him 30 days to file a written brief. As of this date, Koffel has not filed a pro se brief. Thus, we will proceed to independently examine the record to determine if the appeal is frivolous. *Page 5 
 {¶ 18} A review of the record indicates that there was no speedy trial violation. Koffel requested continuances and he filed a waiver of time. Considering those filings, Koffel was brought to trial in the required amount of time.
 {¶ 19} A review of the voir dire transcript also reveals that no errors occurred during that proceeding; it does not appear from a review of the record that jurors were dismissed on the basis of race or any other discriminatory reason.
 {¶ 20} Likewise, review of the trial transcript shows no indication of ineffective assistance of counsel, or wrongly admitted evidence.
 {¶ 21} Furthermore, it appears there was sufficient evidence to support the aggravated burglary conviction. To determine whether sufficient evidence exists to support a conviction, the reviewing court must determine, "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Elmore, 111 Ohio St.3d 515, quoting State v. Jenks
(1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 22} The elements of aggravated burglary are that no person by force shall trespass in an occupied structure with purpose to inflict physical harm on another. R.C. 2911.11(A)(1). Trespass as used in this statute means, knowingly entering or remaining in the premises of another without the privilege to do so. R.C. 2911.21(A)(1); R.C. 2911.10.
 {¶ 23} Randalyn's testimony established that Koffel entered her home and did not have permission to do so. Evidence admitted at trial by way of pictures indicated that the door was broken. From those pictures it is clear that force was used. Matt testified that Koffel punched him and inflicted physical harm. Randalyn's testimony further supported Matt's testimony that Koffel was punching Matt. Thus, when viewed in the light most favorable to the state, sufficient evidence existed to support the conviction.
 {¶ 24} Likewise, a manifest weight of the evidence argument would also fail. A claim that a verdict is against the manifest weight of the evidence requires a reviewing court to review the entire record and weigh the evidence, including witness credibility, and determine whether, "the jury clearly lost its way and created such a manifest *Page 6 
miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Thompkins, 78 Ohio St.3d 380, 387,1997-Ohio-52, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175.
 {¶ 25} The testimony at trial reveals that there were two different versions of what happened that morning. Matt and Randalyn's version was that Koffel came to Randalyn's home, broke in and began beating up Matt. Koffel's version was different. He contended the he saw Randalyn's dog on the road and when he tried to catch it to take it to Randalyn's home, Matt began yelling at him and eventually punched him. This resulted in a further altercation that ended up in Randalyn's house.
 {¶ 26} These two versions cannot be reconciled. Clearly someone is not telling the truth. There are no compelling indicators in the text of the transcript that overwhelmingly support appellant's theory, and there is no indication that the jury clearly lost its way.
 {¶ 27} Thus, with two plausible versions, it becomes a credibility question. Credibility of the witnesses is best left to the trier of fact as it is "best able to view the witnesses and observe their demeanor, gestures and voice inflections." Seasons Coal Co., Inc. v.Cleveland (1984), 10 Ohio St.3d 77, 80. An appellate court will not substitute its judgment for that of the trier of fact if there is competent and credible evidence to support the conviction. State v.Trembly (2000), 137 Ohio App.3d 134, 141-142. Reversal based upon the manifest weight of the evidence should occur "only in the exceptional case in which the evidence weighs heavily against conviction."Thompkins, 78 Ohio St.3d at 387, citing Martin, 20 Ohio App.3d at 175. As such, this Court must respect the deference due to the jury's conclusion. Accordingly, we cannot find that the verdict was against the manifest weight of the evidence.
 {¶ 28} The last thing to examine in our independent review is sentencing. The sentence in this case occurred after the Ohio Supreme Court's decision in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. It appears the trial court followed the mandate in Foster. The trial court did not make any findings that were found to be unconstitutional.
 {¶ 29} It is noted that the trial court notes certain things it considered when sentencing Koffel, such as the need to protect the public and the need to punish. It *Page 7 
also referenced the likeliness of recidivism given Koffel's past criminal record and the serious physical harm that was caused by the crime. However, all of these factors fall under R.C. 2929.11 and2929.12, which have not been rendered unconstitutional. In fact, inFoster's companion case of State v. Mathis, 109 Ohio St.3d 54,2006-Ohio-855, the Ohio Supreme Court explained:
 {¶ 30} "Although after Foster the trial court is no longer compelled to make findings and give reasons at the sentencing hearing because R.C.2929.19(B)(2) has been excised, nevertheless, in exercising its discretion, the court must carefully consider the statutes that apply to every felony case. Those include R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender. In addition, the sentencing court must be guided by statutes that are specific to the case itself."Mathis, 109 Ohio St.3d 54, at ¶ 38.
 {¶ 31} Thus, the trial court's consideration of those factors did not amount to error. In addition, there is no other error in sentencing. Koffel was convicted of Aggravated Burglary, a first degree felony, and received an eight year sentence. R.C. 2911.11(B). Pursuant to R.C.2929.14(A)(1), the applicable sentence range for a first degree felony is three to ten years. As his sentence fell within that range, we can find no error with it. State v. Williams, 9th Dist. No. 05CA008804,2006-Ohio-4310.
 {¶ 32} For the foregoing reasons, the judgment of the trial court is hereby affirmed and counsel's motion to withdraw is granted.
 DeGenaro, P.J., concurs. Donofrio, J., concurs. *Page 1