OPINION
{¶ 1} Defendant-appellant, Anthony Anderson, appeals his conviction in the Mahoning County Common Pleas Court for aggravated robbery with a firearm specification, following a guilty plea.
 {¶ 2} On August 17, 2006, a Mahoning County grand jury indicted Anderson for aggravated robbery with a firearm specification and bribery. Plaintiff-appellee, State of Ohio, alleged that Anderson, along with others, robbed a retail establishment and that Anderson subsequently attempted to bribe a victim/witness to not identify him as a participant. Anderson pleaded not guilty and was appointed counsel. The case proceeded to discovery and other pretrial matters.
 {¶ 3} On April 19, 2007, Anderson entered into a Crim. R. 11 felony plea agreement with the state and pleaded guilty to aggravated robbery with a firearm specification. In exchange, the state dropped the bribery charge and agreed to recommend a five-year prison sentence consecutive to the mandatory three-year term for the firearm specification. On June 6, 2007, the trial court sentenced Anderson to four years in prison for aggravated robbery consecutive to the mandatory three-year term for the firearm specification. This appeal followed.
 {¶ 4} On June 17, 2008, Anderson's appointed appellate counsel filed a combined Toney brief and motion to withdraw. In State v. Toney (1970),23 Ohio App.2d 203, 52 O.O.2d 304, 262 N.E.2d 419, this court set forth in its syllabus the procedure to be used when counsel of record determines that an indigent's appeal is frivolous:
 {¶ 5} "3. Where a court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.
 {¶ 6} "4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, pro se. *Page 2 
 {¶ 7} "5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments pro se of the indigent, and then determine whether or not the appeal is wholly frivolous.
 {¶ 8} "* * *
 {¶ 9} "7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed."
 {¶ 10} As stated above, appellant's appointed appellate counsel filed a Toney brief on June 17, 2008. On July 16, 2008, this court informed appellant that his counsel had filed a Toney brief and granted him thirty days to file a brief raising any assignments of error. To date, Anderson has not filed a pro se brief. Therefore, we will proceed to independently examine the record to determine if the appeal is wholly frivolous.
 {¶ 11} Anderson pleaded guilty pursuant to a Crim. R. 11(F) felony plea agreement and was sentenced thereafter. Therefore, only two main issues that could be appealed present themselves — the propriety of the plea hearing and sentencing.
 {¶ 12} Pursuant to Crim. R. 11(C)(2), the trial court must follow a certain procedure for accepting guilty pleas in felony cases. Before the court can accept a guilty plea to a felony charge, it must conduct a colloquy with the defendant to determine that they understand the plea they are entering and the rights being voluntarily waived. Crim. R. 11(C)(2). If the plea is not knowing and voluntary, it has been obtained in violation of due process and is void. State v. Martinez, 7th Dist. No. 03-MA-196, 2004-Ohio-6806, at ¶ 11, citing Boykin v. Alabama (1969),395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274.
 {¶ 13} Crim. R. 11(C)(2)(c) sets forth the constitutional rights that the defendant waives by entering the guilty plea. "A trial court must strictly comply with Crim. R. 11(C)(2)(c) and orally advise a defendant before accepting a felony plea that the plea waives (1) the right to a jury trial, (2) the right to confront one's accusers, (3) the right to compulsory process to obtain witnesses, (4) the right to require the state to prove *Page 3 
guilt beyond a reasonable doubt, and (5) the privilege against compulsory self-incrimination. When a trial court fails to strictly comply with this duty, the defendant's plea is invalid. (Crim. R. 11[C][2][c], applied.)" State v. Veney, 120 Ohio St.3d 176,2008-Ohio-5200, 897 N.E.2d 621, syllabus.
 {¶ 14} Crim. R. 11(C) also sets forth the nonconstitutional rights that a defendant must be informed of prior to the court accepting the plea. These rights are that: 1) a defendant must be informed of the nature of the charges; 2) the defendant must be informed of the maximum penalty involved; 3) the defendant must be informed, if applicable, that he is not eligible for probation or the imposition of community control sanctions, and 4) the defendant must be informed that after entering a guilty plea or a no contest plea, the court may proceed to judgment and sentence. Crim. R. 11(C)(2)(a)(b); State v. Philpott (Dec. 14, 2000), 8th Dist. No. 74392, citing McCarthy v. U.S. (1969), 394 U.S. 459, 466. For these nonconstitutional rights, the trial court must substantially comply with its mandates. State v. Nero (1990), 56 Ohio St.3d 106, 108. Substantial compliance means that under the totality of the circumstances, the defendant subjectively understands the implications of his plea and the rights he is waiving. Id. at 108.
 {¶ 15} In this case, the trial court strictly complied with the mandated constitutional advisements. The trial court informed Anderson of his right to a jury trial, to confront witnesses against him, to subpoena witnesses in his favor, and to have the state prove his guilt beyond a reasonable doubt. (Tr. 6-8). He was also advised that he could not be compelled to testify against himself and the fact that if he chose to not testify that choice could not be considered in determining his guilt. (Tr. 8).
 {¶ 16} The trial court substantially complied with the nonconstitutional advisements. Anderson was advised of the charges against him and the possible penalties, which included a thirteen-year maximum sentence and post-release control. (Tr. 10, 12-13). He was also advised about the unavailability of probation and community control sanctions. (Tr. 10). *Page 4 
 {¶ 17} Next, the only remaining potentially appealable issue is sentencing.
 {¶ 18} This court's review of felony sentences now results in a very limited, two-fold approach, as outlined by the plurality opinion of the Ohio Supreme Court in State v. Kalish, 120 Ohio St.3d 23,2008-Ohio-4912, 896 N.E.2d 124, at ¶ 26. The first step requires appellate courts to "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." Id. (O'Connor, J., plurality opinion). In examining "all applicable rules and statutes," the sentencing court must consider R.C. 2929.11 and R.C. 2929.12. Id. at ¶ 13-14 (O'Connor, J., plurality opinion). If the sentence is not clearly and convincingly contrary to law, the sentencing court's exercise of discretion "in selecting a sentence within the permissible statutory range is subject to review for any abuse of discretion." Id. at ¶ 17 (O'Connor, J., plurality opinion). Thus, an abuse of discretion is used to determine whether the sentence satisfies R.C. 2929.11 and R.C. 2929.12. Id. at ¶ 17 (O'Connor, J., plurality opinion).
 {¶ 19} The sentence in this case occurred after the Ohio Supreme Court's decision in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. Now, a sentencing court has "full discretion" to sentence an offender within the statutory range and is no longer required to make findings or give its reasons for imposing non-minimum, maximum, or consecutive sentences. Id. at paragraph seven of the syllabus. A sentencing court need only consider "R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender." State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855,846 N.E.2d 1, at ¶ 38.
 {¶ 20} Here, the trial court followed the Foster's mandate. In its judgment entry of sentence, the trial court noted that it considered the principles and purposes of sentencing under R.C. 2929.11, and balanced the seriousness and recidivism factors under R.C. 2929.12. The court did not make any findings that could be unconstitutional. *Page 5 
 {¶ 21} Anderson was convicted of aggravated robbery, in violation of R.C. 2911.01(A)(2), a first-degree felony under R.C. 2911.01(C), and received a four year prison term. For a first-degree felony, the sentencing court may impose a prison term of three, four, five, six, seven, eight, nine, or ten years. R.C. 2929.14(A)(1). Since his sentence fell within that range, there is no error with it. State v. Koffel, 7th Dist. No. 06 CO 36, 2007-Ohio-3177. Notably, Anderson received one year less than the state's recommended five-year term that was contained in the felony plea agreement and six years less than the maximum sentence allowed.
 {¶ 22} In sum, Anderson's sentence fell within the statutory range and was not clearly and convincingly contrary to law. Nor did the trial court's application of R.C. 2929.11 and R.C. 2929.12 to Anderson's sentence constitute an abuse of discretion.
 {¶ 23} The judgment of the trial court is hereby affirmed and counsel's motion to withdraw granted.
Vukovich, P.J., concurs.
Waite, J., concurs. *Page 1