[Cite as *State v. Shoemaker*, 2016-Ohio-758.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | CASE NO. 15 BE 0015 |
| V. | ) | |
| | ) | OPINION |
| JASON ALLEN SHOEMAKER, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:       Criminal Appeal from Court of Common
                                Pleas of Belmont County, Ohio
                                Case No. 14 CR 255

JUDGMENT:                       Affirmed

APPEARANCES:
For Plaintiff-Appellee          No brief filed.

For Defendant-Appellant         Attorney Daniel M. Balgo
                                Attorney Scot MM. McMahon
                                52171 National Road, Suite 4
                                St. Clairsville, Ohio 43950

JUDGES:

Hon. Gene Donofrio
Hon. Mary DeGenaro
Hon. Carol Ann Robb

Dated: February 25, 2016

DONOFRIO, P.J.

{¶1} Defendant-appellant Jason Allen Shoemaker appeals from his convictions and sentences entered in the Belmont County Common Pleas Court following his guilty pleas to fourth-degree-felony driving while under the influence of alcohol or drugs (OVI) and second-degree-felony aggravated vehicular assault. Appointed appellate counsel has filed a no-merit brief and has requested to withdraw.

{¶2} In its fall term of 2014, the Belmont County Grand Jury indicted Shoemaker on three felony counts. Count I was fourth-degree-felony OVI with specifications that he refused a chemical test and that, within 20 years of this offense, had been convicted of five or more equivalent offenses. R.C. 4511.19(A)(2)(a)(b)(G)(1)(d)(ii). Counts II and III were second-degree-felony aggravated vehicular assaults. R.C. 2903.08(A)(1)(a)(B)(1)(a).

{¶3} Pursuant to a Crim.R. 11 agreement, Shoemaker pleaded guilty on February 17, 2015, to Count I (fourth-degree-felony OVI) and Count II (second-degree-felony aggravated vehicular assault). In exchange, the State moved to dismiss Count III (second-degree-felony aggravated vehicular assault) and recommend an aggregate sentence of 5 years in prison.

{¶4} The trial court conducted sentencing on March 16, 2015. The court sentenced Shoemaker to an 18-month term of imprisonment on Count I to be served concurrently with a 6-year term of imprisonment for Count II for an aggregate prison sentence of 6 years.

{¶5} Shoemaker filed a timely notice of appeal. After reviewing the record, appointed appellate counsel filed a no-merit brief asking to withdraw because there are allegedly no appealable issues.

{¶6} When appellate counsel seeks to withdraw and discloses that there are no meritorious arguments for appeal, the filing is known as a no merit brief or an *Anders* brief. *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967). In this district, it has also been called a *Toney* brief. *State v. Toney*, 23 Ohio App.2d 203, 262 N.E.2d 419 (7th Dist.1970).

{¶7} In *Toney*, this court recognized an indigent defendant's constitutional

right to court-appointed counsel for direct appeal of their conviction. *Id.*, at paragraph one of the syllabus. After a conscientious examination of the record, counsel should present any assignments of error which could arguably support the appeal. *Id.*, at paragraph two of the syllabus. If instead counsel determines that the defendant's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, then counsel should inform the appellate court and the defendant of that by brief and ask to withdraw as counsel of record. *Id.*, at paragraph three and four of the syllabus. The defendant is then given the opportunity to raise, pro se, any assignments of error he chooses. *Id.*, at paragraph four of the syllabus. The appellate court then is duty bound to examine the record, counsel's brief, and any pro se arguments, and determine if the appeal is wholly frivolous. *Id.*, paragraph five of the syllabus. If after determining that the appeal is wholly frivolous, then the appellate court should permit counsel to withdraw and affirm the judgment of conviction and sentence. *State v. Toney*, 23 Ohio App.2d 203, 262 N.E.2d 419 (7th Dist.1970).

{¶8} Appointed appellate counsel filed a no-merit brief on June 2, 2015. On June 29, 2015, this court issued a judgment entry informing Shoemaker of counsel's no-merit brief and granting him thirty days to file his own written brief. Shoemaker has not filed an appellate brief on his own behalf.

{¶9} Thus, we proceed with an independent examination of the record to determine if the appeal is frivolous. In cases involving a guilty or no contest plea and where there are no transcripts of pretrial hearings (if any were conducted), typically the only potential issues for review concern whether the plea was entered knowingly, intelligently, and voluntarily, and whether the sentence complies with the law.

### Plea Colloquy

{¶10} The parameter of our review of Shoemaker's guilty pleas is whether the pleas were entered into voluntarily, knowingly and intelligently in accordance with Crim.R. 11. Crim.R. 11(C) states that a trial court must make certain advisements prior to accepting a defendant's guilty plea to ensure that the plea is entered into

knowingly, intelligently and voluntarily. *State v. Wright*, 7th Dist. No. 09 MA 1, 2009-Ohio-4636, ¶ 13. These advisements are typically divided into constitutional rights and nonconstitutional rights. *Id.*

**{¶11}** The constitutional rights are: (1) a jury trial; (2) confrontation of witnesses against him; (3) the compulsory process for obtaining witnesses in his favor; (4) that the State must prove the defendant's guilt beyond a reasonable doubt at trial, and (5) that the defendant cannot be compelled to testify against himself. *Id.*, citing Crim.R. 11(C)(2)(c). If the trial court fails to strictly comply with these requirements, the defendant's plea is invalid. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 31.

**{¶12}** The nonconstitutional rights are that: (1) the defendant must be informed of the nature of the charges; (2) the defendant must be informed of the maximum penalty involved, which includes an advisement on post-release control, if it is applicable; (3) the defendant must be informed, if applicable, that he is not eligible for probation or the imposition of community control sanctions, and (4) the defendant must be informed that after entering a guilty plea or a no contest plea, the court may proceed to judgment and sentence. *Wright* at ¶ 14, citing Crim.R. 11(C)(2)(a)(b); *Veney* at ¶¶ 10-13.

**{¶13}** For the nonconstitutional rights, the trial court must substantially comply with Crim.R. 11's mandates. *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Veney* at ¶ 15. Furthermore, a defendant who challenges his guilty plea on the basis that the advisement for the nonconstitutional rights did not substantially comply with Crim.R. 11(C)(2)(a)(b) must also show a prejudicial effect, meaning the plea would not have been otherwise entered. *Veney* at ¶ 15.

**{¶14}** In this case, the trial court strictly complied with Crim.R.11(C)(2)(c) in advising Shoemaker of his constitutional rights. The court informed Shoemaker that by pleading guilty he was giving up the right to a speedy and public trial, the right to

confront witnesses against him, the right to compulsory service of witnesses in his favor, the right to have the State prove his guilt beyond a reasonable doubt, and the right not to be compelled to testify against himself. (Plea Tr. 5.) Shoemaker responded that he understood that he was giving up these rights by pleading guilty. (Plea Tr. 5.)

**{¶15}** Additionally, the trial court substantially complied with Crim.R. 11(C) in its advisement on the nonconstitutional rights. The trial court ascertained from Shoemaker that he understood the charges against him and the maximum penalties they carried. (Plea Tr. 4-5.) The court then told Shoemaker that after accepting the plea they could immediately proceed with judgment and sentence. (Plea Tr. 6.) Finally, the court informed Shoemaker about post release control. (Plea Tr. 6-7.) In each instance, Shoemaker indicated that he understood the advisements the court was giving him.

**{¶16}** Additionally, the trial court asked Shoemaker whether he would be signing the plea agreement voluntarily and he responded in the affirmative. (Plea Tr. 6.) Also, the court questioned whether Shoemaker was under the influence of drugs or alcohol and he responded that he was not. (Plea Tr. 4.)

**{¶17}** In sum, after reviewing the transcript, the plea colloquy complied with Crim.R.11 (C). Thus, Shoemaker entered into his plea intelligently, voluntarily and knowingly.

### *Sentencing*

**{¶18}** Turning to sentencing, this court is currently split as to the standard of review to apply in felony sentencing cases. *See State v. Hill*, 7th Dist. No. 13 MA 1, 2014-Ohio-919 (Vukovich, J., Donofrio, J., majority with DeGenaro, J., concurring in judgment only with concurring in judgment only opinion); *State v. Wellington*, 7th Dist. No. 14 MA 115, 2015-Ohio-1359 (Robb, J., DeGenaro, J., majority with Donofrio, J. concurring in judgment only with concurring in judgment only opinion).

**{¶19}** One approach, as applied in *Hill*, is to apply the test set out in the plurality opinion in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d

124, ¶ 26. Under the *Kalish* test, we must first examine the sentence to determine if it is "clearly and convincingly contrary to law." *Id.* (O'Connor, J., plurality opinion). In examining "all applicable rules and statutes," the sentencing court must consider R.C. 2929.11 and R.C. 2929.12. *Id.* at ¶ 13-14 (O'Connor, J., plurality opinion). If the sentence is clearly and convincingly not contrary to law, the court's discretion in selecting a sentence within the permissible statutory range is subject to review for abuse of discretion. *Id.* at ¶ 17 (O'Connor, J., plurality opinion). Thus, we also apply an abuse of discretion standard to determine whether the sentence satisfies R.C. 2929.11 and R.C. 2929.12. *Id.* at ¶ 17 (O'Connor, J., plurality opinion).

**{¶20}** The other approach, as applied in *Wellington*, is to strictly follow R.C. 2953.08(G), which provides that appellate courts are only to review felony sentences to determine if they are contrary to law. R.C. 2953.08(G) does not employ an abuse of discretion component.

**{¶21}** The issue of which felony sentencing standard of review to apply is currently pending before the Ohio Supreme Court. The Court has accepted the certified question: "[D]oes the test outlined by the [c]ourt in *State v. Kalish* apply in reviewing felony sentences after the passage of R.C. 2953.08(G)?" *State v. Marcum*, 141 Ohio St.3d 1453, 2015-Ohio-239, 23 N.E.3d 1453.

**{¶22}** Regardless of which test is applied here, Shoemaker's sentence does not call for reversal. Shoemaker was convicted of fourth-degree-felony OVI and second-degree-felony aggravated vehicular assault. In this instance, the possible sentences for a fourth-degree-felony OVI conviction are 120 days local incarceration, up to 1 year; or 60 days prison, with option of additional 6 to 30 months. R.C. 4511.19(G)(1)(d)(ii). The possible sentences for second-degree-felony aggravated vehicular assault are 2, 3, 4, 5, 6, 7, or 8 years. R.C. 2929.14(A)(2). Here, the trial court sentenced Shoemaker respectively to 18-month and 6-year terms to be served concurrently. Since his sentences fell within the ranges, there is no error with them. *See State v. Koffel,* 7th Dist. No. 06 CO 36, 2007-Ohio-3177, ¶ 31. The trial court did sentence Shoemaker to more-than-minimum sentences. But, while the General

Assembly has reenacted the judicial fact-finding requirement for consecutive sentences, it has not revived the requirement for maximum and more than minimum sentences. *State v. Riley*, 7th Dist. No. 13 MA 180, 2015-Ohio-94, ¶ 34.

**{¶23}** Furthermore, at the sentencing hearing and in the judgment entry, the trial court indicated that it considered both R.C. 2929.11, the purposes and principles of sentencing, and R.C. 2929.12, the seriousness and recidivism factors, when rendering the sentence. In analyzing the factors contained on R.C. 2929.12(B) and (D), the court noted Shoemaker's history of criminal convictions, including: domestic violence; driving under suspension; intimidation of attorney, victim, or witness; OVIs; operating a motor vehicle over specified limit; contempt of court; theft; credit misuse; intimidation of a victim; drug abuse; no operator's license; illegal u-turn; FRA suspension; and permitting drug abuse. The court also observed that Shoemaker had not responded to sanctions previously imposed, established a pattern of criminal activity without "good faith" treatment and/or an effort to change his lifestyle, and that the population of Belmont County was endangered by his conduct. Thus, the length of the prison terms cannot be said to rise to the level of an abuse of discretion given the record.

**{¶24}** Considering all of the findings by the trial court, the sentence ordered is not clearly and convincingly contrary to law and the trial court did not abuse its discretion in ordering the sentence that it did. There are no appealable issues concerning the sentence imposed.

**{¶25}** For all of the foregoing reasons, the judgment of the trial court is affirmed and counsel's motion to withdraw granted.

DeGenaro, J., concurs.

Robb, J., concurs.