[Cite as *State v. Jones*, 2011-Ohio-1648.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | CASE NO. 09-MA-144 |
| | ) | |
| MICHAEL A. JONES, | ) | OPINION |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS: Criminal Appeal from Court of Common Pleas of Mahoning County, Ohio Case No. 09CR500

JUDGMENT: Affirmed

APPEARANCES:
For Plaintiff-Appellee
Paul Gains
Prosecutor
Ralph M. Rivera
Assistant Prosecutor
21 W. Boardman St., 6th Floor
Youngstown, Ohio 44503

For Defendant-Appellant
Attorney Gary VanBrocklin
P.O. Box 3537
Youngstown, Ohio 44513-3537

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite

Dated: March 28, 2011

DONOFRIO, J.

{¶1} Defendant-appellant, Michael Jones, appeals from a Mahoning County Common Pleas Court judgment convicting him of nine counts of harassment with a bodily substance, three counts of intimidation, one count of felonious assault, and two counts of assault following his guilty plea.

{¶2} Appellant was involved in an incident at the Ohio State Penitentiary where he was an inmate. A Mahoning County grand jury subsequently indicted appellant on nine counts of harassment with a bodily substance, fifth-degree felonies in violation of R.C. 2921.38(A)(D); three counts of intimidation, third-degree felonies in violation of R.C. 2921.03(A)(B); one count of felonious assault, a second-degree felony in violation of R.C. 2903.11(A)(2)(D); and two counts of assault, fifth-degree felonies in violation of R.C. 2903.13(A)(C)(2)(a). Appellant entered a not guilty plea.

{¶3} Pursuant to a plea agreement with plaintiff-appellee, the State of Ohio, appellant changed his plea to guilty on all of the charges. In exchange, the state agreed to recommend a total sentence of 15 years, to be served consecutive to the sentence he was serving at the time. The trial court conducted a change of plea hearing where it advised appellant of his rights. The court also ordered a presentence psychiatric evaluation. It then set the matter for sentencing.

{¶4} At the sentencing hearing, appellant informed the court that he wished to withdraw his guilty plea. The court overruled the motion. The court went on to sentence appellant to one year on each of counts one through nine, to be served concurrent to each other; two years on each of counts ten through 12, to be served concurrent to each other; five years on count 13; and one year on each of counts 14 and 15, to be served consecutive to each other. This amounted to a ten-year sentence. The court ordered appellant to serve this sentence consecutive to the 14-year sentence he was already serving.

{¶5} Appellant filed a timely notice of appeal on August 24, 2009.

{¶6} The trial court appointed appellate counsel for appellant. Counsel has filed a "no merit" brief in this appeal along with a motion to withdraw. This court

granted appellant 30 days to file his own brief raising any errors he chose, but he failed to do so.  The state has chosen not to file a brief in this matter.

{¶7}  Counsel's no merit brief and request to withdraw as counsel are pursuant to *State v. Toney* (1970), 23 Ohio App.2d 203. In *Toney*, this court set out the procedure to be used when appointed counsel finds that an indigent criminal defendant's appeal is frivolous.

{¶8}  The *Toney* procedure is as follows:

{¶9}  "3. Where a court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.

{¶10}  "4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, pro se.

{¶11}  "5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments pro se of the indigent, and then determine whether or not the appeal is wholly frivolous.

{¶12}  " * * *

{¶13}  "7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed." Id. at the syllabus.

{¶14}  Since appellant entered a guilty plea, there are three issues he could appeal in this case:  (1) whether he entered his plea knowing, voluntarily, and intelligently; (2) whether the court erred in overruling his motion to withdraw his plea; and (3) his sentence.  Thus, we will examine each of these issues.

{¶15}  First, the trial court properly complied with Crim.R. 11 in accepting appellant's guilty plea.

{¶16} When determining the voluntariness of a plea, this court must consider all of the relevant circumstances surrounding it. *State v. Trubee*, 3d Dist. No. 9-03-65, 2005-Ohio-552, at ¶8, citing *Brady v. United States* (1970), 397 U.S. 742. Pursuant to Crim.R. 11(C)(2), the trial court must follow a certain procedure for accepting guilty pleas in felony cases. Before the court can accept a guilty plea to a felony charge, it must conduct a colloquy with the defendant to determine that he understands the plea he is entering and the rights he is voluntarily waiving. Crim.R. 11(C)(2). If the plea is not knowing and voluntary, it has been obtained in violation of due process and is void. *State v. Martinez*, 7th Dist. No. 03-MA-196, 2004-Ohio-6806, at ¶11, citing *Boykin v. Alabama* (1969), 395 U.S. 238, 243. The advisements pursuant to Crim.R. 11(C) that the court is required to make prior to accepting the plea are typically divided into constitutional and non-constitutional rights.

{¶17} The constitutional rights include the right against self-incrimination, the right to a jury trial, the right to confront one's accusers, the right to compel witnesses to testify by compulsory process, and the right to have the state prove the defendant's guilt beyond a reasonable doubt. Crim.R. 11(C)(2)(c); *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, at ¶¶19-21. A trial court must strictly comply with these requirements. *Veney*, 120 Ohio St.3d at ¶ 31; *State v. Ballard* (1981), 66 Ohio St.2d 473, 477.

{¶18} The nonconstitutional rights include that the defendant must be informed of the nature of the charges, including the maximum penalty involved (which includes an advisement on postrelease control), that the defendant must be informed, if applicable, that he is not eligible for probation or the imposition of community control sanctions, and that the court may proceed to judgment and sentence after accepting the guilty plea. Crim.R. 11(C)(2)(a)(b); *Veney*, 120 Ohio St.3d at ¶¶10-13; *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, at ¶¶19-26, (indicating that postrelease control is a nonconstitutional advisement). For the nonconstitutional rights, the trial court must substantially comply with Crim.R. 11's mandates. *State v. Nero* (1990), 56 Ohio St.3d 106, 108. "Substantial compliance

means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Veney*, 120 Ohio St.3d at ¶15 quoting *Nero*, 56 Ohio St.3d at 108.

**{¶19}** In this case, the trial court advised appellant of all of the constitutional rights he was waiving by entering a guilty plea. The court advised him of the right to a trial by jury, the right to have the state prove its case beyond a reasonable doubt, the right to cross-examine witnesses against him, the right to compel witnesses to testify on his behalf, and the right against self-incrimination. (Plea Tr. 14-15).

**{¶20}** Likewise, the trial court advised appellant of his nonconstitutional rights. It explained to appellant that it could proceed immediately to sentencing and it informed him of the nature of the charges and the potential sentence he faced for each of the 15 counts, including the maximum sentences. (Plea Tr. 16-17). The court then explained postrelease control to appellant. (Plea Tr. 18-20).

**{¶21}** Thus, the trial court complied with Crim.R. 11(C) and, as such, there are no appealable issues concerning the plea.

**{¶22}** The next potential issue involves appellant's request to withdraw his plea.

**{¶23}** Despite filing a no merit brief, counsel did raise one potential assignment of error. It states:

**{¶24}** "THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO ALLOW APPELLANT TO WITHDRAW HIS GUILTY PLEA PRIOR TO SENTENCE."

**{¶25}** At the sentencing hearing, appellant orally moved to withdraw his guilty plea. Appellant's counsel made the request on appellant's behalf, but noted that this request was against his advice to appellant. (Sen. Tr. 4). Counsel stated that he did not have a legal basis on which to ask to withdraw the plea. (Sen. Tr. 4). The court asked appellant why he wished to vacate his plea. Appellant responded:

**{¶26}** "Simply because they say I tried to stab an officer but yet they don't have no weapon. Where is the weapon? I didn't have one because I never tried to

stab an officer. If they look on the camera, I never even reached out and moved. Behind ten pounds of steel, how can we even stab an officer?" (Sen. Tr. 7).

**{¶27}** Appellant gave no further reason why he sought to vacate his plea. After the court heard appellant's reason, it analyzed the factors set out by this court to be considered when a defendant asks to vacate his plea. (Sen. Tr. 7-14). It then denied appellant's request and moved on to sentencing.

**{¶28}** Crim.R. 32.1, which governs the withdrawal of a guilty plea, provides: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." This rule establishes a fairly strict standard for deciding a post-sentence motion to withdraw a guilty plea but provides no guidelines for deciding a presentence motion. *State v. Xie* (1992), 62 Ohio St.3d 521, 526.

**{¶29}** Generally, a decision on a presentence plea withdrawal motion is within the trial court's sound discretion. Id. at 526. However, the Ohio Supreme Court has stated that it should be "freely and liberally" granted. Id. at 527. The trial court must conduct a hearing on the motion to decide if there is a reasonable and legitimate basis for it and that the appellate court, although not reviewing de novo, can reverse if the trial court's decision is unfair or unjust. Id.

**{¶30}** This court has adopted factors to weigh in considering a presentence motion to withdraw a plea: (1) whether the state will be prejudiced by withdrawal; (2) the representation afforded to the defendant by counsel; (3) the extent of the Crim.R. 11 plea hearing; (4) whether the defendant understood the nature of the charges and potential sentences; (5) the extent of the hearing on the motion to withdraw; (6) whether the trial court gave full and fair consideration to the motion; (7) whether the timing of the motion was reasonable; (8) the reasons for the motion; and (9) whether the accused was perhaps not guilty or had a complete defense to the charge. *State v. Thomas* (Dec. 17, 1998), 7th Dist. Nos. 96CA223, 96CA225, 96CA226, citing *State*

*v. Fish* (1995), 104 Ohio App.3d 236, 240. Consideration of the factors is a balancing test and no one factor is conclusive. Id.

{¶31} In reaching its decision, the trial court took the time to analyze each of the factors on the record. First, the court found that the state would not be prejudiced by a withdrawal. (Sen. Tr. 8-9). Second, it found that appellant's counsel, with whom the court was very familiar, did an admirable job representing appellant. (Sen. Tr. 9). Third, the court found that it conducted a lengthy plea hearing completely pursuant to law and that appellant entered his plea knowingly, voluntarily, and intelligently. (Sen. Tr. 9-10). Fourth, the court stated that it was not up to it to decide the extent of the hearing on the motion to withdraw. (Sen. Tr. 10). Fifth, the court stated that it would give appellant's motion full and fair consideration before making a decision. (Sen. Tr. 11). Sixth, the court found that the timing of the motion was unreasonable since appellant just made it at the sentencing hearing. (Sen. Tr. 11-12). Seventh, the court noted appellant's reason for wishing to withdraw as stated above. (Sen. Tr. 12). Eighth, it found that appellant understood the nature of the charges and potential sentences, noting that both it and counsel had reviewed those things with him. (Sen. Tr. 12). And ninth, the court stated that if appellant was not guilty or had a defense to present, he should not have pleaded guilty. (Sen. Tr. 12-13). It further found that had the matter gone to trial, it was likely that he would have been found guilty. (Sen. Tr. 13).

{¶32} The trial court spent a great deal of time analyzing the factors before reaching its decision on appellant's motion. The court's analysis of the factors is accurate. Moreover, the court gave appellant a proper hearing on his motion and gave the motion its full and fair consideration. The court also gave appellant and his counsel several opportunities to make their case. (Sen. Tr. 4, 6-7, 11).

{¶33} Thus, the trial court did not abuse its discretion in overruling appellant's motion to withdraw his plea. Therefore, there are no appealable issues concerning the motion to withdraw the plea.

**{¶34}** The final issue appellant could raise would be that his sentence was either contrary to law or constituted an abuse of discretion.

**{¶35}** The Ohio Supreme Court has held that in reviewing felony sentences, the appellate courts must use a two-prong approach. "First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision in imposing the term of imprisonment shall be reviewed under an abuse of discretion standard." *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, at ¶4, citing *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856.

**{¶36}** Appellant's sentence is not contrary to law. The court sentenced appellant to one year on each of the fifth-degree felonies, two years on each of the third-degree felonies, and five years for the second-degree felony. All of these sentences are within the applicable statutory ranges. See R.C. 2929.14(A)(2)(3)(5). Furthermore, the court stated in its judgment entry that it considered the principles and purposes of sentencing pursuant to R.C. 2929.11. And it stated that it balanced the seriousness and recidivism factors set out in R.C. 2929.12. Finally, the court stated that it followed the guidance by degree of felony set out in R.C. 2929.13.

**{¶37}** Likewise, the trial court did not abuse its discretion in sentencing appellant. As part of the plea bargain, the state recommended a total sentence of 15 years to run consecutive to the sentence appellant was already serving. The trial court only sentenced appellant to a ten-year total sentence to run consecutive to the sentence he was already serving. Thus, appellant actually fared better under the court's sentence than he would have had the court followed the state's recommendation.

**{¶38}** In sum, there are no appealable issues as to appellant's sentence.

**{¶39}** For the reasons stated above, the trial court's judgment is hereby

affirmed and counsel's motion to withdraw is granted.

Vukovich, J., concurs.

Waite, P.J., concurs.