OPINION
{¶ 1} Defendant-appellant Raymond Martinez appeals from his conviction in the Mahoning County Court of Common Pleas for one count of driving while under the influence of alcohol, a violation of R.C. 4511.19(A)(1) and 4511.19(A)(4)(a)(ii). This court is asked to determine two issues. First, whether the trial court was bound by the state's sentencing recommendations. Second, whether his plea was given voluntarily and knowingly. For the following reasons, the judgment of the trial court is affirmed.
 STATEMENT OF FACTS {¶ 2} On February 9, 2003, Martinez was involved in an accident where he flipped his vehicle on a highway. When EMT's arrived on the scene, Martinez refused to cooperate, refused to have a neck brace put on, and claimed his only injury was a laceration on his head. Martinez was then transported to the hospital where he continued to struggle with EMT's and eventually had to be placed in restraints. While at the hospital, a police officer spoke with Martinez and noticed that he strongly smelled of alcohol and that his speech was slurred. Thus, the officer placed Martinez under arrest. At this point, Martinez became belligerent and refused to submit to a blood test.
 {¶ 3} The grand jury indicted Martinez on one count of driving while under the influence of alcohol, a violation of R.C.4511.19(A)(1) and 4511.99(A)(4). Martinez entered a guilty plea to the charge contained in the indictment. The trial court accepted this plea as being freely and voluntarily made with full knowledge of all consequences. (Tr. 8). The state recommended that Martinez be sentenced to one-year incarceration with judicial release after six months, pay a mandatory fine of $800, and attend mandatory drug and alcohol treatment following release, along with a three-year driver's license suspension. (Tr. 2-3). However, the trial court did not follow the state's sentencing recommendation and instead sentenced Martinez to three years in prison and suspended his driver's license for life. (06/19/03 J.E.).
 {¶ 4} Martinez filed a timely appeal with this court. His appellate counsel filed a brief to be removed from the case, in accordance with State v. Toney (1970), 23 Ohio App.2d 203, as he found no appealable issue. Martinez then filed his own motion asking that appellate counsel be removed and new counsel appointed. (05/18/04 J.E.). Appellate counsel was removed, but Martinez was not granted new counsel. (06/22/04 J.E.). Martinez next filed a "motion to preserve his rights to effective assistance of counsel", pro se, raising two issues. This motion is treated as a brief. (09/03/04 J.E.).
 STANDARD OF REVIEW {¶ 5} Once appellate counsel files a brief in accordance withToney finding that the appeal is wholly frivolous, the appellate court then reviews the trial court proceedings, appellate counsel's brief, pro se arguments of the indigent, and determines whether or not the appeal is wholly frivolous.Toney, 23 Ohio App.2d 203. After the court makes this examination, if it determines that the appeal is wholly frivolous, the indigent's motion for new appellate counsel will be denied and the trial court's judgment will be affirmed. Id.
 {¶ 6} Martinez's motion titled, "Appellant's Motion to Preserve His Rights to Effective Assistance of Counsel," maintains that his appeal is not wholly frivolous and that he should be appointed new appellate counsel for two reasons. First, Martinez argues that the trial court was bound by the sentencing recommendations given as part of his plea agreement. Second, he contends that his guilty plea was not voluntarily, freely, and intelligently given because the court did not comply with these sentencing recommendations. Each of these arguments will be addressed separately.
 WHETHER TRIAL COURT WAS BOUND BY SENTENCING RECOMMENDATIONS {¶ 7} Martinez first argues that the trial court was bound to sentence him according to the recommendations given by the state. The state recommended a one-year prison term with judicial release after six months, mandatory $800 fine, mandatory drug and alcohol treatment following release from prison, and a three-year driver's license suspension. (Tr. 2-3). Instead of following the recommendation, the trial court sentenced Martinez to a three-year prison term and a lifetime driver's license suspension. (Tr. 5).
 {¶ 8} Trial courts are vested with discretion when implementing plea agreements. State v. Buchanan,154 Ohio App.3d 250, 253, 3002-Ohio-4772, citing Akron v. Ragsdale
(1978), 61 Ohio App.2d 107. "A trial court does not err by imposing a sentence greater than `that forming the inducement for the defendant to plead guilty when the trial court forewarns the defendant of the applicable penalties, including the possibility of imposing a greater sentence than that recommended by the prosecutor.'" Buchanan, 154 Ohio App.3d at 253, citing Statev. Darmour (1987), 38 Ohio App.3d 160. See, also, State v.Mayle, 11th Dist. No. 2002-A-0110, 2004-Ohio-2203 (stating courts are not bound to accept the state's recommended sentence as part of a negotiated plea agreement); State v. Tucci, 7th Dist. No. 01CA234, 2002-Ohio-6903 (stating before the court even sentences the defendant, it must ascertain that the defendant understands that it can impose a higher sentence than that recommended by the prosecution and that no one promised him anything less than the maximum sentence).
 {¶ 9} In the instant matter, the trial court specifically told Martinez that he could be sentenced to serve anywhere from one to five years incarceration. (Tr. 4). The trial court also asked Martinez if anyone promised him less than five years or if anyone threatened him, to which he responded, "no, ma'am." (Tr. 7-8). Thus, the trial court forewarned Martinez of the consequences of his plea and also determined that he was not promised anything in exchange for his plea. Furthermore, after reviewing the colloquy between the trial court and Martinez it is obvious that he was aware that the trial court was not obligated to follow the state's sentencing recommendation. (Tr. 7). Accordingly, given case law and the trial court's explanation to Martinez, no error was committed when the trial court deviated from the state's recommended sentence. Thus, this argument has no merit.
 WHETHER PLEA WAS VOLUNTARILY AND KNOWINGLY GIVEN {¶ 10} Martinez contends that his plea was not made knowingly, voluntarily, and intelligently, especially when considering that the trial court chose not to follow the state's sentencing recommendation. Martinez additionally argues that the trial court failed to follow the appropriate procedures in rejecting the prosecutor's sentencing recommendation.
 {¶ 11} In order for a plea to be given knowingly and voluntarily, the trial court must follow the mandates of Crim.R. 11(C). If a defendant's guilty plea is not voluntary and knowing, it has been obtained in violation of due process and is void.Boykin v. Alabama (1969), 395 U.S. 238, 243.
 {¶ 12} A trial court must strictly comply with Crim.R. 11 as it pertains to the waiver of federal constitutional rights. These include the right to trial by jury, the right of confrontation, and the privilege against self-incrimination. Id. at 243-44. Strict compliance is also required when waiving the right of compulsory process. State v. Ballard (1981), 66 Ohio St.2d 473,477. However, substantial compliance with Crim.R. 11(C) is sufficient when waiving non-constitutional rights. State v.Nero (1990), 56 Ohio St.3d 106, 108. The nonconstitutional rights that a defendant must be informed of are the nature of the charges with an understanding of the law in relation to the facts, the maximum penalty, and that after entering a guilty plea or a no contest plea, the court may proceed to judgment and sentence. Crim.R. 11(C)(2)(a)(b); State v. Philpott (Dec. 14, 2000), 8th Dist. No. 74392, citing McCarthy v. U.S. (1969),394 U.S. 459, 466. Substantial compliance means that under the totality of the circumstances, the defendant subjectively understands the implications of his plea and the rights he is waiving. Nero, 56 Ohio St.3d at 108.
 {¶ 13} In the case at hand, the trial court strictly complied with Crim.R. 11(C) by informing Martinez of the constitutional rights he was waiving by entering a guilty plea. Specifically, the trial court informed him of his right to a jury trial, his right to cross-examine witnesses, his right to subpoena witnesses on his own behalf, his right to refuse to testify against himself, and that the state would have to prove his guilt beyond a reasonable doubt. (Tr. 3-5).
 {¶ 14} Furthermore, the trial court substantially complied with the dictates of Crim.R. 11 for his nonconstitutional rights. Martinez was informed of the maximum penalty involved when the trial court told him that he would be looking at one to five years incarceration, an $800 mandatory fine, and up to a lifetime driver's license suspension. (Tr. 6). He was also informed of what he was being charged with, what the prosecution would have to prove to show that he was guilty, and it related the elements of the crime to the facts of the case. (Tr. 4-5). Lastly, the trial court determined that Martinez read and reviewed the plea agreement with his attorney and determined that he was not promised a certain term in exchange for his plea and that he knew that he could be sentenced to up to five years in prison. (Tr. 7-8). Therefore, the trial court substantially complied with Crim.R. 11(C)(2)(a) requirements.
 {¶ 15} Thus, the trial court satisfied the requirements listed in Crim.R. 11(C). As such, the plea was entered into knowingly, voluntarily, and intelligently. Even when considering that the trial court did not follow the state's sentencing recommendation, we cannot reach the conclusion that the plea was not knowingly entered. As explained above, given the trial court's explanation to Martinez concerning his possible sentence, no error was committed when the trial court deviated from the state's recommended sentence. Thus, Martinez's argument fails.
 {¶ 16} Next, Martinez maintains that the trial court erred by not following several procedures when it rejected the prosecutor's recommendation. He contends that it should have stated its reasons for rejecting the state's sentencing recommendation and that it was required to inform him on the record in open court that it was rejecting the plea agreement.
 {¶ 17} Martinez's arguments are incorrect and unpersuasive. There is no requirement, either in case law or by statute, that the trial court must give reasons for rejecting the state's sentencing recommendation. As previously explained, the trial court is required to comply with Crim.R. 11(C), inform Martinez of the possible sentence, and ascertain that Martinez understood that it did not have to follow the state's sentencing recommendation. The trial court complied with all of these requirements. As such, the trial court did not err in accepting the guilty plea.
 {¶ 18} For the foregoing reasons, after reviewing the entire record, we find no meritorious issues for appeal. Consequently, Martinez's appeal is wholly frivolous. Counsel's motion to withdraw is sustained and the judgment of the trial court is hereby affirmed.
Waite, P.J., concurs.
Donofrio, J., concurs.