OPINION
{¶ 1} Defendant-appellant, Michael Seneff, appeals from a Mahoning County Common Pleas Court judgment sentencing him to one year in prison following his guilty plea to theft.
 {¶ 2} A Mahoning County grand jury indicted appellant on one count of theft, a fifth degree felony in violation of R.C. 2913.02(A)(1)(B)(1)(2). Appellant initially pleaded not guilty. He subsequently changed his plea to guilty. On April 30, 2004, the court sentenced appellant to one year in prison. Appellant filed a timely notice of appeal on May 12, 2004.
 {¶ 3} Appellant raises one assignment of error, which states:
 {¶ 4} "THE APPELLANT WAS DENIED HIS RIGHT TO FREEDOM WITHOUT DUE PROCESS AS GUARANTEED BY AMENDMENT V AND AMENDMENT VI TO THE UNITED STATES CONSTITUTION AND BY THE OHIO CONSTITUTION, ARTICLE I, SECTION 10, BECAUSE HIS GUILTY PLEA TO THE CHARGES MADE AGAINST HIM WAS NOT MADE KNOWINGLY AND INTELLIGENTLY, AND THEREFORE, WAS IN VIOLATION OF CRIMINAL RULE 11 AND OHIO REVISED CODE § 2929.19."
 {¶ 5} Appellant argues that although he pled guilty to theft, he did not understand the full consequences of his plea. He maintains that he did not waive his fundamental rights because he believed that he would receive community control sanctions. Appellant contends that the court failed to make him aware of the sentence he faced before accepting his plea.
 {¶ 6} In this case, appellant did not file a motion to vacate his plea in the trial court. He simply argues on appeal that his plea was invalid because he did not enter it knowingly, voluntarily, and intelligently. Thus, we must determine whether appellant's guilty plea was knowingly, voluntarily and intelligently made.
 {¶ 7} When determining the voluntariness of a plea, we must consider all of the relevant circumstances surrounding it. State v. Trubee, 3d Dist. No. 9-03-65, 2005-Ohio-552, at ¶ 8, citing Brady v. United States
(1970), 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747. Pursuant to Crim.R. 11(C)(2), the trial court must follow a certain procedure for accepting guilty pleas in felony cases. Before the court can accept a guilty plea to a felony charge, it must conduct a colloquy with the defendant to determine that he understands the plea he is entering and the rights he is voluntarily waiving. Crim.R. 11(C)(2). If the plea is not knowing and voluntary, it has been obtained in violation of due process and is void.State v. Martinez, 7th Dist. No. 03-MA-196, 2004-Ohio-6806, at ¶ 11, citing Boykin v. Alabama (1969), 395 U.S. 238, 243, 89 S.Ct. 1709,23 L.Ed.2d 274.
 {¶ 8} A trial court must strictly comply with Crim.R. 11(C)(2) pertaining to the waiver of federal constitutional rights. Martinez, 7th Dist. No. 03-MA-196, at ¶ 12. These rights include the right against self-incrimination, the right to a jury trial, the right to confront one's accusers, and the right to compel witnesses to testify by compulsory process. State v. Tucci, 7th Dist. No. 01-CA-234, 2002-Ohio-6903, at ¶ 11, citing Boykin, supra; State v. Ballard (1981),66 Ohio St.2d 473, 478, 423 N.E.2d 115, fn. 4.
 {¶ 9} A trial court need only substantially comply with Crim.R. 11(C)(2) pertaining to non-constitutional rights such as informing the defendant of "the nature of the charges with an understanding of the law in relation to the facts, the maximum penalty, and that after entering a guilty plea or a no contest plea, the court may proceed to judgment and sentence." Martinez, supra, at ¶ 12, citing Crim.R. 11(C)(2)(a)(b).
 {¶ 10} At the change of plea hearing, the colloquy between the court and appellant demonstrates that he voluntarily and intelligently entered his guilty plea.
 {¶ 11} The trial court strictly complied with Crim.R. 11(C)(2)(c) by informing appellant of the constitutional rights he was waving by entering a guilty plea. The court informed appellant of his constitutional rights as follows:
 {¶ 12} "Mr. Seneff, you have a right to a jury trial which means 12 individuals will be questioned by their ability to be fair and impartial in hearing the facts in this case. After a panel of 12 jurors are seated and sworn the State of Ohio would produce evidence of such a nature to convince all 12 jurors beyond a reasonable doubt that it was you * * * [who committed the theft].
 {¶ 13} "* * *
 {¶ 14} "Your attorney would be present with you in the courtroom to cross examine all the witnesses against you and raise any defenses that you may have.
 {¶ 15} "In addition, you have the right to serve subpoenas upon other individuals, to compel them to come into court and offer testimony favorable to your side. That's known as compulsory process of service.
 {¶ 16} "You have the right to remain silent at trial. You do not have to testify against yourself. The State must prove this charge without your cooperation, and they must convince all 12 jurors beyond a reasonable doubt that it was you * * * [who committed the theft]." (Tr. 2-4).
 {¶ 17} The court also substantially complied with Crim.R. 11(C)(2)(a) and (b). It informed appellant of the charge against him that the State would have to prove, including the specific elements of the crime as applied to the facts of his case. (Tr. 3). The court went on to explain to appellant the possible punishment he faced as follows:
 {¶ 18} "Upon a finding of guilt you are looking at a potential one-year incarceration in the penitentiary and a $2,500 fine. You are eligible for probation. I can send you to the penitentiary and bring you back early under a situation known as judicial release. I could send you to the penitentiary where you would be there for one year or I could suspend the time and place you on a three-year period of community control which is also known as probation." (Tr. 4-5).
 {¶ 19} To ensure that appellant understood the information regarding his possible sentence, the court later asked appellant how long he could go to prison for. Appellant responded, "One year, Your Honor." (Tr. 6). Upon further questioning, appellant informed the court that no one threatened him or promised him that he would go to prison for less than one year. (Tr. 6).
 {¶ 20} Additionally, appellant's counsel advised him of the ramifications of pleading guilty. She stated, "I've gone over the plea, the Rule 11 plea agreement with my client * * * I'm confident that he is competent today. He understands what he's doing. He understands the consequences of his plea and all the rights he will be giving up today." (Tr. 2).
 {¶ 21} After accepting appellant's plea, the court found that it had advised the defendant to the effect of his plea and that appellant entered the plea freely and voluntarily with full knowledge of its consequences. (Tr. 7).
 {¶ 22} Thus, the trial court complied with Crim.R. 11(C)(2)'s requirements by informing appellant of his rights and his potential sentence. Furthermore, to ensure that the appellant understood all the information the court presented to him, the court asked appellant to respond to questions. Appellant's responses proved that he had full knowledge of the consequences of a guilty plea. Nothing in the record indicates that appellant did not fully understand the consequences of a guilty plea.
 {¶ 23} Accordingly, appellant's assignment of error is without merit.
 {¶ 24} For the reasons stated above, the trial court's judgment is hereby affirmed.
Vukovich, J., concurs
Waite, J., concurs