[Cite as *State v. Kellish*, 2016-Ohio-2925.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | CASE NO. 14 MA 0162 |
| V. | ) | |
| | ) | OPINION |
| LEO KELLISH, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS: Criminal Appeal from Court of Common Pleas of Mahoning County, Ohio Case No. 13 CR 1269

JUDGMENT: Affirmed

APPEARANCES:
For Plaintiff-Appellee          Paul Gains
                                Prosecutor
                                Ralph M. Rivera
                                Assistant Prosecutor
                                21 W. Boardman St.
                                Youngstown, Ohio 44503

For Defendant-Appellant         Attorney Desirae Dipiero
                                7330 Market Street
                                Youngstown, Ohio 44512

                                Attorney Scott Essad
                                721 Boardman-Poland Rd., Suite 201
                                Youngstown, Ohio 44512

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Carol Ann Robb

Dated: May 4, 2016

DONOFRIO, P.J.

{¶1} Defendant-appellant, Leo Kellish, appeals from a Mahoning County Common Pleas Court judgment convicting him of murder, following his guilty plea.

{¶2} On November 29, 2013, Dennis Simmons was found beaten to death. On December 5, 2013, a Mahoning County Grand Jury indicted appellant on two counts of murder, first-degree felonies in violation of R.C. 2903.02(A)(D) and R.C. 2903.02 (B)(D) both carrying the possibility of 15 years to life in prison; and one count of felonious assault, a second-degree felony in violation of R.C. 2903.11(A)(1)(D). Appellant entered a not guilty plea.

{¶3} On October 28, 2014, appellant entered into a plea agreement with plaintiff-appellee, the State of Ohio. Pursuant to the agreement, the state dismissed one murder count and the felonious assault count. In exchange, appellant entered a guilty plea to the remaining murder count. Appellant acknowledged that he would still have to serve 15 years to life on the murder count. The prosecution agreed, however, that when appellant became eligible for parole after 15 years, it would stand silent on the issue of his release. The trial court accepted appellant's plea and set the matter for sentencing.

{¶4} At the sentencing hearing, the trial court sentenced appellant to 15 years to life, which was a mandatory prison term. Appellant filed a timely notice of appeal on November 21, 2014.

{¶5} Appellant's appointed counsel filed a no merit brief and request to withdraw pursuant to *State v. Toney*, 23 Ohio App.2d 203, 262 N.E.2d 419 (7th Dist. 1970).

{¶6} This court granted counsel's request to withdraw on March 24, 2015. We then appointed substitute counsel. Additionally, on appellant's request, we granted him leave to file his own pro se brief by August 14, 2015. Neither appellant nor his substitute counsel filed a brief. On September 30, 2015, we put on a judgment entry notifying the parties that the briefs were past due and the matter would be considered for submission to the court unless appellant filed a brief within 30 days of the entry. No brief was filed. Consequently, we are left only to conduct

our own independent review pursuant to *Toney*.

{¶7} In *Toney*, this court set out the procedure to be used when appointed counsel finds that an indigent criminal defendant's appeal is frivolous.

{¶8} The procedure set out in *Toney*, at the syllabus, is as follows:

3. Where a court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.

4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, pro se.

5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments pro se of the indigent, and then determine whether or not the appeal is wholly frivolous.

* * *

7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed.

{¶9} Because appellant entered a plea in this case, there are two issues to examine. The first issue is whether appellant entered his plea knowingly, voluntarily, and intelligently. The second issue is his sentence.

{¶10} When determining the validity of a plea, this court must consider all of the relevant circumstances surrounding it. *State v. Trubee*, 3d Dist. No. 9-0365,

2005-Ohio-552, ¶ 8, citing *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463 (1970). Pursuant to Crim.R. 11(C)(2), the trial court must follow a certain procedure for accepting guilty pleas in felony cases. Before the court can accept a guilty plea to a felony charge, it must conduct a colloquy with the defendant to determine that he understands the plea he is entering and the rights he is voluntarily waiving. Crim.R. 11(C)(2). If the plea is not knowing, intelligent, and voluntary, it has been obtained in violation of due process and is void. *State v. Martinez*, 7th Dist. No. 03-MA-196, 2004-Ohio-6806, ¶ 11, citing *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709 (1969).

{¶11} A trial court must strictly comply with Crim.R. 11(C)(2) pertaining to the waiver of federal constitutional rights. *Martinez*, supra, ¶ 12. These rights include the right against self-incrimination, the right to a jury trial, the right to confront one's accusers, the right to compel witnesses to testify by compulsory process, and the right to proof of guilt beyond a reasonable doubt. Crim.R. 11(C)(2)(c).

{¶12} In this case, the court strictly complied with Crim.R. 11(C)(2) in informing appellant of the constitutional rights he was waiving by entering a guilty plea. Before accepting appellant's plea, the trial court informed appellant that by pleading guilty he was waiving his right to have the state prove its case beyond a reasonable doubt, his right to a jury trial, his right to subpoena witnesses to assist him, his right to cross-examine witnesses against him, and his right to remain silent at trial. (Change of Plea Tr. 27-28). Appellant indicated that he understood that he was giving up each of these rights and stated he had no questions regarding them. (Change of Plea Tr. 29-30).

{¶13} A trial court need only substantially comply with Crim.R. 11(C)(2) pertaining to non-constitutional rights such as informing the defendant of "the nature of the charges with an understanding of the law in relation to the facts, the maximum penalty, and that after entering a guilty plea or a no contest plea, the court may proceed to judgment and sentence." *Martinez*, supra, ¶ 12, citing Crim.R. 11(C)(2)(a)(b).

{¶14} Here the trial court substantially complied with Crim.R. 11(C)(2) in informing appellant of his non-constitutional rights. The court informed appellant of the nature of the charge against him. (Change of Plea Tr. 14-25). Appellant indicated that he listened to the charge against him. (Change of Plea Tr. 25). Appellant also indicated that he understood the maximum penalty and that he understood that the prison term was mandatory. (Change of Plea Tr. 25-26). And while the court did not actually inform appellant that it could proceed immediately to sentencing, it asked the parties if they would like to proceed directly to sentencing or to set the matter for a later sentencing date. (Change of Plea Tr. 30-31). At appellant's request, the court set the matter for sentencing two days later. (Change of Plea Tr. 31, 32).

{¶15} Additionally, the trial court inquired as to whether appellant was voluntarily entering his plea. The court asked appellant if anyone had made any promises or threats to him to induce his plea. (Change of Plea Tr. 25). The court also asked if anyone had coerced, intimidated, scared, or done anything else to induce appellant into pleading guilty. (Change of Plea Tr. 25). Appellant indicated that no one had promised, threatened, coerced, intimidated, or scared him into pleading guilty. (Change of Plea Tr. 25).

{¶16} Thus, the trial court substantially complied with Crim.R. 11(C)(2) in accepting appellant's plea.

{¶17} The next issue we have to review is appellant's sentence.

{¶18} Appellant was convicted of one count of murder in violation of R.C. 2903.02(A). The trial court sentenced him to a mandatory sentence of 15 years to life.

{¶19} Pursuant to R.C. 2929.02(B)(1), when imposing a sentence for murder that does not contain one of the statutory aggravating circumstances, the trial court must impose a prison term of 15 years to life. In this case, none of the listed aggravating circumstances were present. Thus, the trial court was required to impose a sentence of 15 years to life.

**{¶20}** Appellant's sentence was mandatory. A sentence imposed for aggravated murder or murder pursuant to R.C. 2929.02 to R.C. 2929.06 is not subject to review. R.C. 2953.08(D)(3); *State v. Terrell*, 1st Dist. No. C-020194, 2003-Ohio-3044, ¶ 28.

**{¶21}** In this case the trial court properly imposed the statutorily-mandated sentence. Thus, there is nothing for us to review.

**{¶22}** In sum, upon review of the case file and appellate filings, there are no appealable issues.

**{¶23}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, J., concurs.

Robb, J., concurs.