[Cite as *State v. Bowdish*, 2017-Ohio-8916.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | CASE NO. 16 MA 0173 |
| V. | ) | |
| | ) | OPINION |
| ROBERT LEE BOWDISH, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from Court of Common
Pleas of Mahoning County, Ohio
Case No. 16 CR 704

JUDGMENT:     Motion sustained. Judgment affirmed.

APPEARANCES:
For Plaintiff-Appellee

Paul Gains
Prosecutor
Ralph Rivera
Assistant Prosecutor
21 West Boardman St., 6th Floor
Youngstown, Ohio 44503-1426

For Defendant-Appellant

Attorney Donna Jewell McCollum
3695 Stutz Drive, Suite 100
Canfield, Ohio 44406

JUDGES:

Hon. Gene Donofrio
Hon. Mary DeGenaro
Hon. Carol Ann Robb

Dated: November 30, 2017

DONOFRIO, J.

{¶1} Defendant-appellant, Robert Bowdish, appeals from a Mahoning County Common Pleas Court judgment convicting him of felonious assault and a firearm specification, following his guilty plea.

{¶2} This matter began in juvenile court where appellant was accused of attempted murder, felonious assault, and discharging a firearm into a habitation. At the time of the incident, appellant was 17 years old. The attempted murder charge would have required a mandatory bindover to the common pleas court. But the juvenile court did not find probable cause on the attempted murder charge, so that charge was dismissed. Plaintiff-appellee, the State of Ohio, filed an appeal with this court on the no probable cause finding on the attempted murder charge.

{¶3} Appellant and the state then negotiated a plea agreement. Per the agreement, appellant would plead guilty to a bill of information charging one count of felonious assault, a second-degree felony in violation of R.C. 2903.11(A)(2)(D), with an accompanying firearm specification in violation of R.C. 2941.145(A). He would also waive the discretionary bindover hearing and proceed in common pleas court. In exchange, the state would not present the discharging a firearm into a habitation charge to the grand jury and would also dismiss its appeal regarding the attempted murder charge. Additionally, the parties agreed to recommend a sentence of five years for felonious assault and three years for the firearm specification for a total sentence of eight years.

{¶4} On June 28, 2016, the trial court held a plea hearing where appellant entered a guilty plea to felonious assault with a firearm specification. The court accepted appellant's plea and set the matter for sentencing. On July 18, 2016, appellant filed a motion to withdraw his plea and his waiver of an indictment. At that time, appellant's counsel also filed a motion to withdraw at appellant's request. The trial court granted counsel's motion to withdraw, appointed new counsel, and set the matter for a hearing on appellant's motion to withdraw his plea.

{¶5} At the hearing, however, appellant withdrew his motion to withdraw his plea. So instead, with the parties' agreement, the court held appellant's sentencing

hearing. The trial court sentenced appellant to the jointly-recommended sentence of five years for felonious assault and three years for the firearm specification, for a total prison sentence of eight years.

{¶6} Appellant filed a timely notice of appeal on November 8, 2016.

{¶7} Appellant's appointed counsel has filed a no merit brief and request to withdraw pursuant to *State v. Toney*, 23 Ohio App.2d 203, 262 N.E.2d 419 (7th Dist.1970).

{¶8} In *Toney*, this court set out the procedure to be used when appointed counsel finds that an indigent criminal defendant's appeal is frivolous.

{¶9} The procedure set out in *Toney*, at the syllabus, is as follows:

3. Where a court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.

4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, pro se.

5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments pro se of the indigent, and then determine whether or not the appeal is wholly frivolous.

* * *

7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed.

**{¶10}** Appellant did not file a pro se brief in this case.

**{¶11}** Appellant's counsel does raise two issues that appellant asserted to her. We will address those two issues.

**{¶12}** First, appellant asserts he did not enter his plea knowingly, voluntarily, and intelligently.

**{¶13}** When determining the validity of a plea, this court must consider all of the relevant circumstances surrounding it. *State v. Trubee*, 3d Dist. No. 9-0365, 2005-Ohio-552, ¶ 8, citing *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463 (1970). Pursuant to Crim.R. 11(C)(2), the trial court must follow a certain procedure for accepting guilty pleas in felony cases. Before the court can accept a guilty plea to a felony charge, it must conduct a colloquy with the defendant to determine that he understands the plea he is entering and the rights he is voluntarily waiving. Crim.R. 11(C)(2). If the plea is not knowing, intelligent, and voluntary, it has been obtained in violation of due process and is void. *State v. Martinez*, 7th Dist. No. 03-MA-196, 2004-Ohio-6806, ¶ 11, citing *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709 (1969).

**{¶14}** A trial court must strictly comply with Crim.R. 11(C)(2) pertaining to the waiver of federal constitutional rights. *Martinez*, supra, ¶ 12. These rights include the right against self-incrimination, the right to a jury trial, the right to confront one's accusers, the right to compel witnesses to testify by compulsory process, and the right to proof of guilt beyond a reasonable doubt. Crim.R. 11(C)(2)(c).

**{¶15}** In this case, the court strictly complied with Crim.R. 11(C)(2) in informing appellant of the constitutional rights he was waiving by entering a guilty plea. Before accepting appellant's plea, the trial court informed appellant that by pleading guilty he was waiving his right to a jury trial, his right to have the state prove his guilt beyond a reasonable doubt as to every element of the crime, his right to subpoena witnesses, his right to cross examine witnesses, and his right to remain silent at trial. (Plea Tr. 6-7). Appellant stated that he understood each of these rights and that he was giving up these rights by pleading guilty. (Plea Tr. 6-7).

**{¶16}** Thus, the trial court strictly complied with Crim.R. 11(C)(2) regarding appellant's constitutional rights in accepting his plea.

**{¶17}** A trial court need only substantially comply with Crim.R. 11(C)(2) pertaining to non-constitutional rights such as informing the defendant of "the nature of the charges with an understanding of the law in relation to the facts, the maximum penalty, and that after entering a guilty plea or a no contest plea, the court may proceed to judgment and sentence." *Martinez*, supra, ¶ 12, citing Crim.R. 11(C)(2)(a)(b).

**{¶18}** Here the trial court substantially complied with Crim.R. 11(C)(2) in informing appellant of his non-constitutional rights. The court informed appellant of the nature of the charge against him. (Plea Tr. 5-6). The court informed appellant that the firearm specification carried a mandatory three-year sentence. (Plea Tr. 6). It also informed him that the felonious assault charge carried a maximum sentence of eight years. (Plea Tr. 8). Appellant indicated that he understood these things. (Plea Tr. 6, 8) Additionally, the court informed appellant that it could proceed immediately with judgment and sentence, which appellant also indicated that he understood. (Plea Tr. 8).

**{¶19}** In addition, the trial court asked appellant if anyone had promised him anything in exchange for his plea or threatened him to plead guilty to which he responded "No." (Plea Tr. 11-12).

**{¶20}** Thus, the trial court substantially complied with Crim.R. 11(C)(2) regarding appellant's non-constitutional rights in accepting appellant's plea.

**{¶21}** Based on the above, there is no error regarding appellant's plea.

**{¶22}** Second, appellant asserts the Ohio Supreme Court's holding in *State v. Aalim*, Slip Opinion 2016-Ohio-8278, applies to him and requires us to remand this case to the juvenile court for further proceedings.

**{¶23}** In *Aalim*, 2016-Ohio-8278, at paragraph one of the syllabus, the Ohio Supreme Court held that the mandatory transfer of juveniles to the general division of common pleas court violated juveniles' right to due process. But the Court

reconsidered its holding and, on reconsideration, the Court held that "the mandatory bindover of certain juveniles to adult court under R.C. 2152.10(A)(2)(b) and 2152.12(A)(1)(b) does not violate the Due Course of Law Clause or the Equal Protection Clause of the Ohio Constitution and the analogous provisions of the Fourteenth Amendment to the United States Constitution." *State v. Aalim*, Slip Opinion 2017-Ohio-2956, ¶ 4.

**{¶24}** R.C. 2152.10(A) sets out which juvenile cases are subject to mandatory bindover. Felonious assault is not a case subject to mandatory bindover. See R.C. 2152.10(A); R.C. 2152.02(AA), (BB). Appellant's bindover here was discretionary. Thus, *Aalim* is not applicable in this case.

**{¶25}** Given that this is a *Toney* case, one final issue for us to examine is appellant's sentence.

**{¶26}** In this case, however, appellant and the state agreed on a recommended sentence, which the trial court imposed. Thus, no sentencing error can be raised. A jointly recommended sentence that is authorized by law and is accepted and imposed by the trial court is not subject to appeal. *State v. Baker*, 7th Dist. No. 12 MA 32, 2013-Ohio-862, ¶ 11.

**{¶27}** In sum, the potential assignments of error identified by appellant's appointed counsel lack merit. Furthermore, upon review of the case file and appellate filings, there are no appealable issues.

**{¶28}** For the reasons stated above, the trial court's judgment is hereby affirmed and counsel's motion to withdraw is granted.

DeGenaro, J., concurs.

Robb, P.J., concurs.