[Cite as *State v. Wilson*, 2024-Ohio-1193.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MONROE COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

JACOB A. WILSON,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 23 MO 0012

---

Criminal Appeal from the
Court of Common Pleas of Monroe County, Ohio
Case No. 2021-378

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, Judges,
William A. Klatt, Retired Judge of the Tenth District Court of Appeals,
Sitting by Assignment.

---

**JUDGMENT:**
Affirmed.

---

*Atty. James L. Peters*, Monroe County Prosecutor, for Plaintiff-Appellee and

*Atty. James R. Wise*, for Defendant-Appellant.

Dated: March 28, 2024

**HANNI, J.**

{¶1} Defendant-Appellant, Jacob A. Wilson, appeals from a Monroe County Common Pleas Court judgment convicting him of two counts of murder, following his guilty plea.

{¶2} On October 30, 2021, the bodies of Malakai Curry and Daniel Franzoi were found with gunshot wounds in Woodsfield, Ohio. Appellant was arrested.

{¶3} On November 18, 2021, a Monroe County Grand Jury indicted Appellant on two counts of aggravated murder, unclassified felonies in violation of R.C. 2903.01(A); two counts of tampering with evidence, third-degree felonies in violation of R.C. 2921.12(A)(1); and two counts of abuse of a corpse, fifth-degree felonies in violation of R.C. 2927.01(B). Firearm specifications accompanied both aggravated murder counts. Appellant initially pleaded not guilty and not guilty by reason of insanity.

{¶4} On May 15, 2023, the trial court held a change of plea hearing. Pursuant to plea negotiations with Plaintiff-Appellee, the State of Ohio, in exchange for Appellant's guilty plea the State would amend the two counts of aggravated murder to murder, dismiss the firearm specifications, and dismiss the tampering with evidence and abuse of a corpse charges. The trial court conducted a plea colloquy with Appellant and determined that he was entering his guilty plea knowingly, voluntarily, and intelligently. Thus, the court accepted Appellant's plea and scheduled the matter for sentencing.

{¶5} The trial court subsequently held a sentencing hearing on May 22, 2023. It sentenced Appellant to mandatory sentences of 15 years to life on each of the two murder counts. The court ordered Appellant to serve his sentences consecutively for an aggregate sentence of 30 years to life.

{¶6} Appellant filed a timely notice of appeal on June 16, 2023. He now raises a single assignment of error.

{¶7} Appellant's sole assignment of error states:

THE TRIAL COURT FAILED TO PROPERLY COMPLY WITH CRIMINAL RULE 11 BEFORE ACCEPTING DEFENDANT'S PLEAS OF GUILTY.

{¶8} Appellant argues that while the trial court properly advised him of the constitutional rights he was waiving by pleading guilty, it did not properly advise him of

his non-constitutional rights. Specifically, Appellant contends the court failed to advise him that he was not eligible for community control. Therefore, Appellant asserts, the court failed to substantially comply with Crim.R. 11(C)(2) in ensuring that he understood the effect of his plea.

{¶9} Pursuant to Crim.R. 11(C)(2), the trial court must follow a certain procedure for accepting guilty pleas in felony cases. Before the court can accept a guilty plea to a felony charge, it must conduct a colloquy with the defendant to determine that he understands the plea he is entering and the rights he is voluntarily waiving. Crim.R. 11(C)(2). If the plea is not knowing, intelligent, and voluntary, it has been obtained in violation of due process and is void. *State v. Martinez*, 7th Dist. Mahoning No. 03-MA-196, 2004-Ohio-6806, ¶ 11, citing *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

{¶10} A trial court must strictly comply with Crim.R. 11(C)(2) pertaining to the waiver of five federal constitutional rights. *Martinez*, at ¶ 12. These rights include the right against self-incrimination, the right to a jury trial, the right to confront one's accusers, the right to compel witnesses to testify by compulsory process, and the right to proof of guilt beyond a reasonable doubt. Crim.R. 11(C)(2)(c). A trial court need only substantially comply with Crim.R. 11(C)(2) pertaining to non-constitutional rights such as: informing the defendant of the nature of the charges and of the maximum penalty involved and, if applicable, that the defendant is not eligible for probation or community control sanctions at the sentencing hearing; informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest; and informing the defendant that the court, upon acceptance of the plea, may proceed with judgment and sentence. *Id.*, citing Crim.R. 11(C)(2)(a)(b).

{¶11} In this case, the trial court properly advised Appellant of each of the constitutional rights he was waiving by entering a guilty plea. (Tr. 44-45). The court advised him that he was waiving the right to a jury trial, the right to confront witnesses against him, the right to compel witnesses on his behalf, the right to require the State to prove his guilt beyond a reasonable doubt, and the right against self-incrimination. (Tr. 44-45). Appellant admits this in his brief. Thus, the trial court strictly complied with Crim.R. 11(C)(2) pertaining to the waiver of Appellant's federal constitutional rights.

{¶12} Therefore, we must move on to consider whether the trial court substantially complied with Crim.R. 11(C)(2) pertaining to Appellant's non-constitutional rights.

{¶13} The trial court informed Appellant of the nature of the charges by informing him that the charges he now faced were two counts of murder, which are first-degree felonies in violation of R.C. 2903.02(A). (Tr. 41). Appellant stated that he understood the charges. (Tr. 41). The court next informed Appellant of the maximum penalty he faced, which was a mandatory 15-years to life sentence on each charge in addition to post-release control. (Tr. 41). Appellant indicated that he understood this. (Tr. 41). The court informed Appellant that it intended to impose his sentence on May 22, 2023, which it did, and Appellant indicated he understood this. (Tr. 43). Appellant's counsel informed the court that Appellant understood and appreciated what his guilty plea would result in. (Tr. 40). And in the written plea of guilty, signed by Appellant, he stated that he understood he was admitting that he committed the offenses. Thus, the trial court substantially complied with Crim.R. 11(C)(2) pertaining to these non-constitutional rights.

{¶14} The only non-constitutional right Appellant argues the court failed to explicitly inform him of was that he was not eligible for community control sanctions.

{¶15} While Appellant is correct that the trial court did not specifically tell him that he was not eligible for probation or community control sanctions, the court still met the substantial compliance standard here.

{¶16} At the beginning of the plea colloquy, the court informed Appellant that each of his two murder charges "carry a mandatory 15-year to life sentence, as well as Post Release Control should you ever be released." (Tr. 41). Appellant told the court that he understood this. (Tr. 41).

{¶17} Later, after going over his constitutional rights with him, the court again told Appellant: "You do need to understand as I told you that these two charges have a sentence – a mandatory sentence. It's a 15-year to life sentence. Once you have served the definite portion of your sentence, you are eligible for parole at some point basically." (Tr. 45). And again, Appellant indicated to the court that he understood this. (Tr. 45).

{¶18} Thus, while the trial court did not explicitly state to Appellant that he was not eligible for probation or community control sanctions, it made clear to him twice that he faced a mandatory prison sentence. It is well established that a trial court substantially

complies with Crim.R. 11(C)(2) when it informs the defendant that a mandatory prison sentence will be imposed and the defendant acknowledges this. *See State v. Nero*, 56 Ohio St.3d 106, 564 N.E.2d 474 (1990), at the syllabus ("Where the circumstances indicate that the defendant knew he was ineligible for probation and was not prejudiced by the trial court's failure to comply with Crim.R. 11(C)(2)(a), the trial court's acceptance of the defendant's guilty plea to the nonprobationable crime of rape without personally advising the defendant that he was not eligible for probation constitutes substantial compliance with Crim.R. 11."); *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977), at the syllabus ("Where an individual is indicted on a charge of aggravated murder, with specifications thereto, and the trial court accepts a plea of guilty to the lesser included offense of murder [R.C. 2903.02] without personally advising the defendant that he is ineligible for probation, such omission does not constitute prejudicial error, and there is substantial compliance with the provisions of Crim.R. 11."); *State v. Beamon*, 8th Dist. Cuyahoga No. 73813, 1999 WL 165925, *4 (Mar. 25, 1999) ("Here, the facts showed the trial court substantially complied with Crim.R. 11 when Beamon entered his guilty plea. The trial court then enumerated the potential terms of incarceration. When a trial court refers to actual incarceration, it substantially complies with Crim.R. 11.")

**{¶19}** Based on the above, the trial court substantially complied with Crim.R. 11(C)(2) in informing Appellant of his nonconstitutional rights.

**{¶20}** Accordingly, Appellant's sole assignment of error is without merit and is overruled.

**{¶21}** For the reason stated above, the trial court's judgment is hereby affirmed.

Waite, J., concurs.

Klatt, J., concurs.

Case No. 23 MO 0012

[Cite as *State v. Wilson*, 2024-Ohio-1193.]

---

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Monroe County, Ohio, is affirmed.  Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure.  It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**