[Cite as *State v. Cleary*, 2017-Ohio-4120.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

STATE OF OHIO,                                    )
                                                  )
                                                  )
          PLAINTIFF-APPELLEE,                     )          CASE NO. 16 MA 0092
                                                  )
V.                                                )          OPINION
                                                  )
ROY J. CLEARY,                                    )
                                                  )
          DEFENDANT-APPELLANT.                    )

CHARACTER OF PROCEEDINGS:          Criminal Appeal from Court of Common
                                   Pleas of Mahoning County, Ohio
                                   Case No. 14 CR 803

JUDGMENT:                          Affirmed

APPEARANCES:
For Plaintiff-Appellee             No brief filed

For Defendant-Appellant            Attorney Donna Jewell McCollum
                                   3695 Stutz Drive, Suite 100
                                   Canfield, Ohio 44406

                                   Roy J. Cleary
                                   A671-501
                                   2075 South Avon Beldon Road
                                   Grafton, Ohio 44044

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

                                                  Dated: June 2, 2017

DONOFRIO, J.

{¶1} Defendant-appellant, Roy Cleary, appeals from a Mahoning County Common Pleas Court judgment convicting him of murder and aggravated robbery following his guilty plea.

{¶2} On August 21, 2014, a Mahoning County Grand Jury indicted appellant on one count of aggravated murder, one count of murder, one count of tampering with evidence, and one count of aggravated robbery. These charges stemmed from the robbery and murder of Mark Westfall.

{¶3} Appellant originally pleaded not guilty. He filed motions to suppress his confession to the police and to suppress evidence seized from his mother's home. The trial court overruled the suppression motions.

{¶4} Appellant subsequently reached a plea agreement with plaintiff-appellee, the State of Ohio. Per the terms of the plea agreement, appellant agreed to plead guilty to murder and aggravated robbery. In exchange, the state agreed to dismiss the aggravated murder and tampering with evidence charges. Additionally, appellant and the state agreed to jointly recommend a sentence of 15 years to life in prison on the murder charge and five years on the aggravated robbery charge, to be served consecutively to the murder sentence, for a total jointly recommended sentence of 20 years to life.

{¶5} The trial court held a change of plea hearing where appellant pleaded guilty to murder, a special felony in violation of R.C. 2903.02(A)(D) and aggravated robbery, a first-degree felony in violation of R.C. 2911.01(A)(1)(C). The trial court accepted appellant's plea and set the matter for a sentencing hearing.

{¶6} At the sentencing hearing on June 5, 2015, the trial court sentenced appellant to the jointly recommended sentence of 15 years to life for murder and five years for aggravated robbery, to be served consecutively, for a total sentence of 20 years to life.

{¶7} This court granted appellant's motion to file a delayed appeal on August 4, 2016.

{¶8} Appellant's appointed counsel filed a no merit brief and request to

withdraw pursuant to *State v. Toney*, 23 Ohio App.2d 203, 262 N.E.2d 419 (7th Dist. 1970).

**{¶9}** On September 28, 2016, we issued a judgment entry notifying the parties that appellant's counsel had filed a *Toney* brief and advising appellant he had 30 days to file a pro se brief. Appellant did not file a pro se brief. Consequently, we are left only to conduct our own independent review pursuant to *Toney*.

**{¶10}** In *Toney*, this court set out the procedure to be used when appointed counsel finds that an indigent criminal defendant's appeal is frivolous. The procedure set out in *Toney*, at the syllabus, is as follows:

3. Where a court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.

4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, pro se.

5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments pro se of the indigent, and then determine whether or not the appeal is wholly frivolous.

\* \* \*

7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed.

{¶11} Appellant's counsel mentions that appellant alleged two issues: (1) his trial counsel did not inform him of his right to appeal and (2) the trial court should have conducted an allied offense sentencing analysis.

{¶12} As to his right to appeal, this court granted appellant's motion for a delayed appeal. Therefore, there can be no prejudicial error in that regard. As to any alleged sentencing errors, we will examine appellant's sentence later in this opinion.

{¶13} Because appellant entered a guilty plea in this case, there are only two issues to examine. The first issue is whether appellant entered his plea knowingly, voluntarily, and intelligently. The second issue is his sentence.

{¶14} When determining the validity of a plea, this court must consider all of the relevant circumstances surrounding it. *State v. Trubee*, 3d Dist. No. 9-0365, 2005-Ohio-552, ¶ 8, citing *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463 (1970). Pursuant to Crim.R. 11(C)(2), the trial court must follow a certain procedure for accepting guilty pleas in felony cases. Before the court can accept a guilty plea to a felony charge, it must conduct a colloquy with the defendant to determine that he understands the plea he is entering and the rights he is voluntarily waiving. Crim.R. 11(C)(2). If the plea is not knowing, intelligent, and voluntary, it has been obtained in violation of due process and is void. *State v. Martinez*, 7th Dist. No. 03-MA-196, 2004-Ohio-6806, ¶ 11, citing *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709 (1969).

{¶15} A trial court must strictly comply with Crim.R. 11(C)(2) pertaining to the waiver of federal constitutional rights. *Martinez*, supra, ¶ 12. These rights include the right against self-incrimination, the right to a jury trial, the right to confront one's accusers, the right to compel witnesses to testify by compulsory process, and the right to proof of guilt beyond a reasonable doubt. Crim.R. 11(C)(2)(c).

{¶16} In this case, the trial court strictly complied with Crim.R. 11(C)(2) in informing appellant of the constitutional rights he was waiving by entering a guilty plea. Before accepting appellant's plea, the trial court informed appellant that by

pleading guilty he was waiving his right to have the state prove its case beyond a reasonable doubt, his right to a jury trial, his right to subpoena witnesses to assist him, his right to cross-examine witnesses against him, and his right to remain silent at trial. (Change of Plea Tr. 6-8). Appellant indicated that he understood that he was giving up each of these rights and stated he had no questions regarding them. (Change of Plea Tr. 6-8).

{¶17} A trial court need only substantially comply with Crim.R. 11(C)(2) pertaining to non-constitutional rights such as informing the defendant of "the nature of the charges with an understanding of the law in relation to the facts, the maximum penalty, and that after entering a guilty plea or a no contest plea, the court may proceed to judgment and sentence." *Martinez*, supra, ¶ 12, citing Crim.R. 11(C)(2)(a)(b).

{¶18} In this case, the trial court substantially complied with Crim.R. 11(C)(2) in informing appellant of his non-constitutional rights. The court informed appellant of the nature of the charges against him. (Change of Plea Tr. 5-6). Appellant indicated that he understood the charges against him. (Change of Plea Tr. 5-6). Appellant indicated that he understood that the court could proceed immediately to sentencing. (Change of Plea Tr. 8-9). Appellant also indicated that he understood the maximum penalty and that he understood that the prison term was mandatory. (Change of Plea Tr. 8-9). And appellant stated he understood that if the court imposed the jointly recommended sentence, then he could not appeal that sentence. (Change of Plea Tr. 8).

{¶19} Moreover, the trial court inquired as to whether appellant was knowingly, intelligently, and voluntarily entering his plea. (Change of Plea Tr. 13). Appellant stated that he was. (Change of Plea Tr. 13). And the court asked if anyone had threatened appellant or promised him anything in exchange for his guilty plea, to which he responded "no." (Change of Plea Tr. 10).

{¶20} Thus, the trial court substantially complied with Crim.R. 11(C)(2) in accepting appellant's plea.

**{¶21}** Next, we must review appellant's sentence.

**{¶22}** In this case, the state and the defendant agreed on a recommended sentence, which the trial court imposed. (Sentencing Tr. 2-3, 15-16). Thus, no sentencing error can be raised. A jointly recommended sentence that is authorized by law and is accepted and imposed by the trial court is not subject to appeal. *State v. Baker*, 7th Dist. No. 12 MA 32, 2013-Ohio-862, ¶ 11.

**{¶23}** Appellant was convicted of one count of murder in violation of R.C. 2903.02(A). On this count, the trial court sentenced him to the mandatory sentence of 15 years to life. R.C. 2929.02(B)(1). Appellant was also convicted of aggravated robbery, a first-degree felony. The possible sentences for a first-degree felony are three, four, five, six, seven, eight, nine, ten, or eleven years. R.C. 292914(A)(1). On this count, the trial court sentenced appellant to five years, which was within the applicable range.

**{¶24}** Moreover, appellant's sentence on the murder charge was mandatory. A sentence imposed for aggravated murder or murder pursuant to R.C. 2929.02 to R.C. 2929.06 is not subject to review. R.C. 2953.08(D)(3). *State v. Terrell*, 1st Dist. No. C-020194, 2003-Ohio-3044, ¶ 28.

**{¶25}** Finally, the trial court made all of the required findings at the sentencing hearing to impose consecutive sentences.

**{¶26}** R.C. 2929.14(C)(4) requires a trial court to make specific findings when imposing consecutive sentences:

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶27}** It has been held that although the trial court is not required to recite the statute verbatim or utter "magic" or "talismanic" words, there must be an indication that the court found (1) that consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger posed to the public, and (3) one of the findings described in R.C. 2929.14(C)(4)(a), (b), or (c). *State v. Bellard*, 7th Dist. No. 12-MA-97, 2013-Ohio-2956, ¶ 17. However, the court need not give its reasons for making those findings. *State v. Power*, 7th Dist. No. 12 CO 14, 2013-Ohio-4254, ¶ 38.

**{¶28}** In this case, the trial court made all of the required findings at the sentencing hearing. First, the court found that consecutive sentences were necessary to protect the public from future crime and to punish appellant. (Sentencing Tr. 16). Second, it found consecutive sentences were not disproportionate to the seriousness of the conduct and to the danger that appellant poses to the public. (Sentencing Tr. 16). Third, the court found that when appellant committed the crime in this case he was on bond from Pensacola, Florida; he had

violated previous community control sanctions; he had been convicted of crimes in Georgia, Iowa, and North Carolina, and had a bench warrant for his arrest in Florida; and his criminal history of criminal conduct demonstrated that consecutive sentences were necessary to protect the public from future crime. (Sentencing Tr. 16-17). Thus, the trial court made all of the required consecutive sentencing findings at the sentencing hearing and, therefore, consecutive sentences were authorized by law.

{¶29} In sum, because appellant's sentence was jointly recommended, was authorized by law, and was imposed by the trial court, it is not subject to review.

{¶30} Upon review of the case file and appellate filings, there are no appealable issues.

{¶31} For the reasons stated above, the trial court's judgment is hereby affirmed. Counsel's motion to withdraw is granted.

Waite, J., concurs.

DeGenaro, J., concurs.